IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Deborah J. Sanders, | ) | C/A No. 8:14-cv-02403-DCN-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Warden of Leath Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 18.] Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on June 12, 2014.[1] [Doc. 1.] On October 6, 2014, Respondent filed a motion for summary judgment and a return and memorandum to the Petition. [Docs. 17, 18.] On October 7, 2014, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if she failed to adequately respond to the motion. [Doc. 19.] On November 3, 2014, Petitioner filed a response in opposition to the motion for summary judgment and a motion for extension of time to file a more concise response, which the Court granted on November 21, 2014. [Docs. 25, 26,

_____

[1]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Here, construing the filing date in the light most favorable to Petitioner, this action was filed on June 12, 2014. [*See* Doc. 1-2 (memorandum accompanying Petition, signed on June 12, 2014).]

28.]  Petitioner did not file another response.[2]  On April 6, 2015, the Court directed Respondent to supplement the record with file-stamped copies of the remittitur(s) in Petitioner's direct and PCR appeal(s) so that this Court could adequately consider Respondent's statute of limitations defense.  [Doc. 38.]  Respondent supplemented the record on April 17, 2015.  [Doc. 40.]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Petitioner is presently confined in the South Carolina Department of Corrections at Leath Correctional Institution pursuant to orders of commitment of the Greenwood County Clerk of Court.  [Doc. 1.]  In January 1994, Petitioner was indicted for murder, armed robbery, and larceny.  [App. 845–47.[3]]  On January 30, 1995, represented by Robert J. Tinsley ("Tinsley"), Petitioner proceeded to trial. [App. 1–780.]  Petitioner was found guilty of murder and larceny and sentenced to life imprisonment for the murder charge and thirty days on the larceny charge, to run concurrent.  [App. 774–78.]

---

[2]Although Petitioner did not file any additional response in opposition to the motion for summary judgment, Petitioner did submit three letters to the Court, seeking information about her case.  [Docs. 30, 33, 37.]

[3]The Appendix can be found at Docket Entry Numbers 17-20 through 17-25.

**Direct Appeal**

Petitioner appealed, and M. Anne Pearce ("Pearce"), Assistant Appellate Defender with the South Carolina Office of Appellate Defense, filed an *Anders*[4] brief on Petitioner's behalf as well as a petition to be relieved as counsel. [Doc. 17-1.] The brief raised the following issue: "Whether the trial judge erred in admitting evidence of the decedent's habits with regard to the handgun that fired the fatal shot." [*Id.* at 3.] On December 4, 1996, the Supreme Court of South Carolina denied the petition to be relieved and directed the parties to brief the following issue:

> Did the trial judge err in failing to charge that a defendant may believe that she is in imminent danger even when her batterer is asleep? See Robinson v. State, 308 S.C. 74, 417 S.E.2d 88, 1992).

[Doc. 17-2.] Subsequently, Pearce filed an amended brief on Petitioner's behalf, raising this issue. [Doc. 17-3.] On November 17, 1997, the Supreme Court of South Carolina affirmed the conviction. [Doc. 17-5.] Remittitur was issued on December 5, 1997. [Doc. 17-6.]

**PCR Proceedings**

***First PCR Application***

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on December 1, 1998. [App. 782–87.] Petitioner alleged she was being held in custody unlawfully based on the following grounds, quoted substantially verbatim:

> (a)    Charge with murder – ineffective assistance of

---

[4]A brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim.

    (b)    In my transcript they stated that I didn't say [illegible]

    (c)    They didn't show my evidence

[App. 783.]  In support of her grounds for relief, Petitioner provided the following facts, quoted substantially verbatim:

    (a)    Did not plan or intend to kill the victim

    (b)    Victim was not asleep at the time the incident occur[r]ed
            his eyes was closed but he was not asleep

    (c)    All the evidence that I was abused night of the crime
            was not shown during the trial

[App. 784.]  The State filed a return and motion to dismiss, dated March 12, 1999 [App. 788–90], and Petitioner, represented by Allen Bullard ("Bullard") filed an opposition to the return and motion to dismiss.[5]  [App. 791.]  The State filed a supplemental return, dated June 7, 1999.  [App. 792–94.]

A hearing was held on September 21, 1999.  [App. 795–830.]  At the conclusion of the hearing, the PCR court issued an oral order denying relief.  [App. 824–30.]  On October 18, 1999, the PCR court ordered that the application be denied and dismissed with prejudice.  [App. 831–39.]

Daniel T. Stacey of the South Carolina Office of Appellate Defense filed on Petitioner's behalf a petition for writ of certiorari in the Supreme Court of South Carolina, dated November 14, 2000.  [Doc. 17-7.]  The petition asserted the following as the sole issue presented:

          Whether counsel was ineffective by failure to introduce
        petitioner's torn workpants into evidence, as this would have

---

[5]The State subsequently withdrew the motion to dismiss.  [App. 797:25–798:2.]

4

corroborated her testimony concerning prior difficulties with the
victim in support of manslaughter or self-defense?

[*Id.* at 2.]  The court denied the petition on November 15, 2001 [Doc. 17-9] and remitted the

matter to the lower court on December 4, 2001 [Doc. 17-10].

### Second PCR Application

Petitioner, proceeding pro se, filed a second PCR application on April 20, 2004.

[Doc. 17-11.]  Petitioner stated the following as her grounds for relief, quoted substantially

verbatim:

(a)    Ineffective assistance of counsel

(b)    Lapse of time with which to appeal PCR decision

[*Id.* at 3.]  In support of her grounds for relief, Petitioner provided the following facts, quoted

substantially verbatim: "Applicant (per PCR transcript) showed that her legal counsel did

not represent her in the proper manner.  Applicant just learned her PCR (1999) was

denied." [*Id.*]  The State filed a return and motion to dismiss, dated March 18, 2004.  [Doc.

17-12.]  In the motion to dismiss, the State argued Petitioner's second PCR application

should be summarily dismissed as successive and untimely.  [*Id.*]

On August 1, 2005, following a hearing at which Petitioner was represented by

Travis Moore ("Moore"),[6] the PCR court granted the State's motion to dismiss and directed

the State to prepare an order.  [Doc. 17-13.]  On August 8, 2005, the PCR court entered

an order of dismissal, denying and dismissing Petitioner's second PCR application as

successive and untimely.  [Doc. 17-15.]

-----

[6]The record before the Court does not include the August 1, 2005 hearing transcript.
However, the PCR court's judgment indicates the decision was rendered following a "trial
or hearing before the court."  [Doc. 17-13.]

5

Petitioner submitted a pro se petition for permission to appeal the denial of her second PCR application, dated September 26, 2012. [Doc. 17-16.] The Supreme Court of South Carolina construed the petition as a notice of appeal from Petitioner's second PCR application and ordered Moore to provide information regarding the date he received written notice of entry of the August 8, 2005 order, an explanation as to why the determination that the action was successive and untimely was improper, and a proof of service that the notice of appeal was served on the State. [Doc. 17-17.] On October 29, 2012, the Supreme Court of South Carolina dismissed the notice of appeal. [Doc. 17-18.] Remittitur was issued on November 14, 2012. [Doc. 17-19.]

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on June 12, 2014. [Doc. 1.] Petitioner raises the following grounds for relief, quoted substantially verbatim, in her Petition pursuant to 28 U.S.C. § 2254:

> **GROUND ONE:**    Miscarriage of justice
>
> *Supporting facts*:    Defendant acted in self defense. Court failed to properly charge jury. Counsel failed to raise self-defense.
>
> **GROUND TWO:**    SC has no remedy for miscarriage of justice
>
> *Supporting facts*:    See annexed documents
>
>     SCSC erroneously believed Atty Moore was representing her. He <u>was</u> <u>NOT</u>

[Doc. 1 at 5–6 (emphasis in original).] Petitioner also submitted a memorandum, styled "petition for a writ of habeas corpus." [Doc. 1-1.] In this memorandum, Petitioner alleges ineffective assistance of counsel; prosecutorial misconduct; the verdict was irrational and

based on an error of law in the court's charge, making the trial fundamentally unfair; and South Carolina lacks a remedy for miscarriage of justice. [*Id.*] As stated, on October 6, 2014, Respondent filed a motion for summary judgment. [Doc. 18.] On November 3, 2014, Petitioner filed a response in opposition. [Doc. 26.] Accordingly, Respondent's motion is ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe her pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows
> that there is no genuine dispute as to any material fact and the
> movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or

unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## Habeas Corpus

### *Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of her claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

10

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)     (I) there is an absence of available State corrective process; or
>>
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  Thus, a federal court may

consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application.  S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976).  If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment.  S.C. R. Civ. P. 59(e).  Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court.  *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[7]  Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson*

---

[7]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

*v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also*

13

*Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

14

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96.    A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel.  *Id.* at 487–89; *Reed*, 468 U.S. at 16.  Absent a showing of "cause," the court is not required to consider "actual prejudice."  *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995).  However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default.  *Carrier*, 477 U.S. at 492.  To show actual prejudice, the petitioner must demonstrate more than plain error.  *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

### *Statute of Limitations*

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D).  However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law.  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)).  In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit.  *Id.* at 417.  Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition.  *Holland v. Florida*, --- U.S. ---, ---, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418).  Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied.  *Id.* at 2563.

## DISCUSSION

Respondent argues the Petition is time barred.  [Doc. 17.]  Upon review, the Court agrees that the Petition is untimely and Petitioner is not entitled to equitable tolling.

**Expiration of Limitations Period**

The Supreme Court of South Carolina affirmed Petitioner's conviction on November 17, 1997.  [Doc. 17-5.]  Consequently, Petitioner had one year from February 16, 1998,[8] ninety days after Petitioner's conviction was affirmed by the state's highest court, to file a federal habeas petition.  28 U.S.C. § 2244(d)(1); *Holland*, 130 S.Ct. at 2558; *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009); U.S. Sup. Ct. Rule 13(1) (a petition for certiorari in the United States Supreme Court is timely when filed within 90 days after entry of the judgment by a state court of last resort); *Wilson v. U.S.*, Civil Action No. 4:12-00043-TLW, 2012 WL 2890185, at *3 n.2 (July 16, 2012) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice).").

Petitioner filed her first PCR application on December 1, 1998 [App. 782–87], such that 288 days of the one-year limitations period had expired before Petitioner filed her PCR application.  The one-year period in which to file a federal habeas petition is tolled during the pendency of a PCR application or other collateral relief properly filed in state court, 28

---

[8]Pursuant to Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, when calculating time, the last day of the period must be included, "but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  Because the 90-day period for Petitioner to file a petition for writ of certiorari in the United States Supreme Court expired on Sunday, February 15, 1998, Petitioner had until Monday, February 16, 1998 to timely file a petition for writ of certiorari.

U.S.C. § 2244(d)(2), and Respondent concedes the statute of limitations was tolled during the period the PCR application was pending—from December 1, 1998 until December 4, 2001, when the South Carolina Supreme Court issued remittitur in the appeal from the denial of Petitioner's PCR application [Doc. 17-10].[9] Therefore, the one-year limitations period began to run again on December 4, 2001 and expired 77 days later on February 19, 2002.[10] As a result, the Petition—filed on June 12, 2014, more than twelve years after the expiration of the limitations period—is time barred.

---

[9]The Court is aware that at least one district judge in this district has held that final disposition of a postconviction proceeding in South Carolina, for purposes of determining the date when a case is no longer pending under § 2244(d)(2), does not occur until the remittitur is filed in the circuit court. *Beatty v. Rawski*, Civil Action No. 1:13-3045-MGL-SVH, 2015 WL 1518083 (Mar. 31, 2015). However, the remittitur Respondent received from the Clerk of Court in Greenwood, South Carolina, does not include a file stamp. [Doc. 40-2.]

[10]As previously stated, the statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 236 (2002)).

Here, although Petitioner filed a second PCR application in state court, that application was not properly filed because the state court found it was successive and untimely. [Doc. 17-15.] Accordingly, the one-year period in which to file a federal habeas petition was not tolled during the pendency of Petitioner's second PCR application.

**Equitable Tolling**

Although Petitioner does not specifically argue she is entitled to equitable tolling of the statute of limitations, she does argue that Moore was not representing Petitioner and she did not realize Moore had abandoned her by failing to respond to the Supreme Court's order regarding the appeal of her second PCR application [Docs. 1 at 6; 1-1 at 1] and that this Court may consider a claim of miscarriage of justice and/or actual innocence [Doc. 1-1 at 8]. For the reasons explained below, Petitioner is not entitled to equitable tolling.

As the United States Supreme Court has recognized:

> Under our system of representative litigation, "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R. Co.*, 370 U.S. 626, 634, 82 S. Ct. 1386, 1390, 8 L. Ed.2d 734 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L. Ed. 955 (1880)). . . . Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 1725, 80 L. Ed.2d 196 (1984).

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92, 96 (1990) (footnotes omitted). The Fourth Circuit Court of Appeals has underscored the very limited circumstances in cases subject to the AEDPA where equitable tolling will be permitted, holding a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on

time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).  Thus, rarely will

circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a
> statute of limitations must be guarded and infrequent, lest
> circumstances of individualized hardship supplant the rules of
> clearly drafted statutes. To apply equity generously would
> loose the rule of law to whims about the adequacy of excuses,
> divergent responses to claims of hardship, and subjective
> notions of fair accommodation. We believe, therefore, that any
> resort to equity must be reserved for those rare instances
> where—due to circumstances external to the party's own
> conduct—it would be unconscionable to enforce the limitation
> period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).[11]  The Supreme Court has

suggested that equitable tolling is justified to relieve the operation of a limitations bar due

to egregious unprofessional attorney misconduct, such as abandoning the client; a last

minute change in representation beyond the client's control; failing to conduct essential

services of representation like communicating with the client and performing basic legal

research; and denying the client access to files and misleading the client.  *Holland*, 130 S.

Ct. at 2564 (citations omitted).  Further, as previously stated, the Supreme Court has held

---

[11]Other courts of appeals have similarly expressed that equitable tolling of the AEDPA statute of limitations is to be employed sparingly. *See, e.g.*, *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying the general rule that "'attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling'" (citation omitted)); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ( "[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the petitioner's] habeas petition in the district court within the one-year limitations period."); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to apply equitable tolling where late filing was caused by attorney's use of ordinary mail to send petition from Atlanta to Miami less than a week before it was due); *see also Rouse*, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect." (citation omitted)).

that, in addition to demonstrating extraordinary circumstances prevented the petitioner from timely filing, the petitioner must demonstrate he has been diligently pursuing his rights. *Id.* at 2562.

Here, Petitioner has failed to demonstrate that extraordinary circumstances beyond her control or external to her own conduct prevented her from filing her Petition within the statute of limitations. With respect to Petitioner's first argument that she did not realize Moore had abandoned her on her appeal from the second PCR application, even if true, this argument does not entitle Petitioner to equitable tolling because, as stated, her second PCR application was successive and untimely and did not toll the limitations period at all.

With respect to Petitioner's argument that this Court can consider a claim of miscarriage of justice and/or actual innocence, the Court notes that claims of actual innocence are often used to attempt to satisfy the "miscarriage of justice" exception to a procedural default. *See Schlup v. Delo*, 513 U.S. 298, 315 (1995). However, in the context of a motion time-barred under § 2244(d), the Court questions whether actual innocence provides grounds for equitable tolling or serves as an exception to the statute of limitations.[12] Regardless, even if the Court were to assume that actual innocence provides grounds for equitable tolling, Petitioner has failed to make a sufficient showing of actual innocence. A petitioner claiming actual innocence "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner

---

[12]Although "[t]he Fourth Circuit has not expressly ruled that 'actual innocence' is an exception that permits equitable tolling[,] . . . other circuits have reasonably concluded that there is no such exception." *DiCaprio–Cuozzo v. Johnson*, 744 F.Supp.2d 548, 559 (E.D. Va. 2010) (collecting cases that hold that no actual innocence exception to the statute of limitations exists).

guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (emphasis added) (quoting *Schlup*, 513 U.S. at 327). This "standard is demanding and permits review only in the 'extraordinary' case." *Id.* (quoting *Schlup*, 513 U.S. at 327 (internal quotations and citations omitted)). Also, a petitioner would have to show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Here, Petitioner's arguments do not satisfy this demanding standard. Petitioner has failed to set forth any new evidence, but instead argues that the battered woman defense was not properly presented and that there have been recent developments regarding this defense. As an initial matter, Petitioner fails to explain any recent developments on the battered woman syndrome and merely argues in a conclusory manner that "[r]ecent developments on 'battered' woman syndrome constitute new evidence of miscarriage of justice, and ineffective assistance of counsel, applicable to her case." [Doc. 26 at 2.] However, Petitioner has failed to set forth any new evidence to show that she is factually innocent of the crime. Accordingly, Petitioner has failed to establish that she is actually innocent and is not entitled to equitable tolling on such basis.

Petitioner has not provided any grounds for equitably tolling the federal statute of limitations. Therefore, the Court determines the Petition should be dismissed as time barred.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

July 6, 2015
Greenville, South Carolina